UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MALIK LOWERY** | Criminal No. 12-0298 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is defendant Malik Lowery's motion for a reduction of sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. No. 499 ("Motion" or "Mot.")). The Government opposes the Motion. (D.E. No. 501 ("Opp. Br.")). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Crim. P. 43(b)(4); *United States v. Styer,* 573 F.3d 151, 154 (3d Cir. 2009). For the following reasons, the Motion is DENIED.

## I. BACKGROUND

On August 29, 2016, Lowery pled guilty to a number of counts contained in the second superseding indictment:

- Count 1: Pursuant to this Count, Defendant admitted to committing six specific racketeering acts: murder (Act 4); two robberies (Acts 8 and 9); drug distribution (Act 10); conspiracy to distribute crack cocaine and heroin (Act 12) and distribution of crack cocaine and heroin (Act 13). All acts were in violation of 18 U.S.C. §§ 1962(c) and 2.
- Count 2: Racketeering conspiracy, in violation of 18 U.S.C. § 1962(d);
- Count 13: Carjacking, in violation of 18 U.S.C. §§ 2119 and 2;
- Count 15: Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; and
- Count 27: Conspiracy to distribute crack cocaine and heroin, contrary to 21 U.S.C. §§ 841(a)(1)(A) and (b)(1)(A) and 846.

(D.E. Nos. 66 & 232–34). On August 16, 2017, the Court sentenced Defendant to 315 months of

imprisonment and 10 years of supervised release. (D.E. No. 450). Defendant is currently serving out his sentence at FCI Cumberland. (Opp. Br. at 1). According to the Government, the Bureau of Prisons estimates Defendant's release date as October 18, 2033, assuming good time credit. (*Id.* at 3).

Defendant now moves this Court for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) based on his son's declining mental state. (Mot. at 11–12).[1] The Government opposes the Motion.

## II. LEGAL STANDARDS

Once a term of imprisonment has been imposed, the Court may modify it only under very limited circumstances. *In re Morris*, 345 F. App'x 796, 797–98 (3d Cir. 2009) (citing 18 U.S.C. § 3582(c)). As relevant here, 18 U.S.C. § 3582(c)(1) provides as follows:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> > (i) extraordinary and compelling reasons warrant such a reduction;
> >
> > [. . .]
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*See also United States v. Pawlowski*, 967 F.3d 327, 329–30 (3d Cir. 2020).

---

[1] Even though the Motion does not mention the COVID-19 pandemic, out of an abundance of caution and pursuant to the District of New Jersey's Standing Order 2020-08, the Court informed the Office of the Federal Public Defender of the pending *pro se* motion. Because the Office of the Federal Public Defender declined to enter an appearance on Defendant's behalf, the Court ordered the Government to respond to the *pro se* motion. (D.E. No. 500).

The United States Sentencing Commission promulgated a policy statement that, in relevant part, allows a court to grant compassionate release or a sentence reduction where: (i) extraordinary and compelling reasons warrant a reduction in a defendant's sentence; (ii) the defendant is not a danger to the safety of others or to the community; and (iii) release from custody complies with the section 3553(a) factors, to the extent applicable. U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 1B1.13 (U.S. SENTENCING COMM'N 2018).

## III. ANALYSIS

### A. Exhaustion

Before proceeding to the merits of a motion for a reduction in sentence, a defendant must meet § 3582(c)(1)(A)'s exhaustion requirement, which requires either that 30 days have passed since the receipt of a compassionate release request by a warden, or that the defendant has exhausted all administrative remedies. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

The Government does not dispute that the exhaustion requirement is met here: Defendant submitted a request for compassionate release to the warden at FCI Cumberland on or around September 27, 2020, and the request was denied on October 9, 2020. (Mot. at 3; Opp. Br. at 2; D.E. No. 499-1 at 1 & 9 (ECF Pagination)). Thus, more than 30 days have passed since the Warden received Defendant's request, and the Court may address the merits of the motion.

### B. Extraordinary and Compelling Reasons for Reduction

Congress directed the Sentencing Commission to define the "extraordinary and compelling reasons" standard. *United States v. Alexander*, No. 19-0032, 2020 WL 2507778, at *3 (D.N.J. May 15, 2020). The Sentencing Commission issued a policy statement in which an application note lists three specific circumstances that qualify as extraordinary and compelling; generally speaking, the enumerated circumstances include: (i) a terminal illness or a serious medical

3

condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; (ii) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; or (iii) certain family circumstances exist where the defendant would be the only available caregiver for his or her minor child, spouse, or registered partner. U.S.S.G. § 1B1.13, Application Note 1(A)–(C). In addition, the Sentencing Commission included a catchall provision, which provides that "other reasons" may be sufficient if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in [the enumerated] subdivisions." *Id.*, Application Note 1(D).

Defendant cites to his adult son's mental illness as an extraordinary and compelling reason for his release. Specifically, Defendant explains that his son has suffered since Defendant was sentenced, and that his son was recently diagnosed with paranoid schizophrenia, among other illnesses. (Mot. at 10–12). In support of his Motion, Defendant attaches to his submission certain medical records which substantiate his claims about his son's illness. (D.E. No. 499-1).

According to Defendant, these facts present an extraordinary and compelling reason for his release under the catchall provision of Application Note 1. (Mot. at 1). Although the Court acknowledges that it may have some discretion to determine what qualifies as an extraordinary and compelling reason for a potential sentence reduction[2], it is guided by the types of family

---

[2] Because section 1B1.13 was not updated after the First Step Act was passed, it does not address motions made by a defendant. As a result, there has been a debate as to whether the policy statement is applicable to motions made by a defendant and whether the court, as opposed to the BOP, can determine what falls into the catchall provision. District courts still turn to the policy statement for guidance, but there appears to be a growing consensus in the circuit courts that section 1B1.13 does not constrain the court's discretion in determining what qualifies as extraordinary and compelling. *See United States v. Brooker*, 976 F.3d 228 (2nd Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) ("When a defendant exercises his new right to move for compassionate release on

4

circumstances that qualify as extraordinary and compelling under Application Note 1(C). *See United States v. Doolittle*, No. 19-501, 2020 WL 4188160, at *2 (D.N.J. July 21, 2020) ("In light of the fact that § 1B1.13 addresses circumstances involving family hardship, and is thus particularly germane to the instant motion, the Court has consulted those guidelines in evaluating Doolittle's claim."). Application Note 1(C) provides that family circumstances may constitute the requisite extraordinary and compelling reasons for release based on one of the following:

> **(i)** The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> **(ii)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. 1B1.13, Application Note 1(C). The circumstances Defendant describes, while unfortunate, do not meet these criteria. Defendant's 23-year-old son is not a minor child, and Defendant does not allege that any caregiver has died or been incapacitated. Defendant's desire to be present for his son in light of his recent diagnosis is insufficient. *See, e.g.*, *United States v. Cruz-Rivera*, No. 11-43, 2020 WL 5993352, at *7 (E.D. Penn. Oct. 9, 2020) ("While a family circumstance can constitute an extraordinary and compelling reason, Defendant does not meet this standard because he has not shown that his wife is incapacitated as a result of her medical condition."); *Doolittle*, 2020 WL 4188160, at *2 ("The Court recognizes that the family members of incarcerated individuals often struggle to cope without their relative's daily presence and aid, but Defendant's application does not meet the criteria for compassionate release under the law.").

Accordingly, the Court finds that the criteria under Application Note 1(C) are not met, and

---

his own behalf, in other words, § 1B1.13 does not apply."); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (holding that "the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release"); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("And because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion.").

the Court will not exercise any discretion it may have under the catchall provision or otherwise to find extraordinary and compelling reasons exist here.

In any event, even if Defendant had established extraordinary and compelling circumstances, the Court would deny the motion based on the section 3553(a) factors and dangerousness.

### C. Section 3553(a) Factors

Section 3553(a) directs the Court to impose a sentence that is sufficient, but not greater than necessary, to further the purposes of sentencing; *i.e.*, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(D). Additionally, the Court must consider, *inter alia*, the nature and circumstances of the offense and the defendant's history and characteristics. *Id.* § 3553(a)(1).

On August 16, 2017, the Court sentenced Defendant to 315 months of imprisonment and ten years of supervised release. Prior to doing so, the Court determined that Defendant's guidelines range of imprisonment was 360 months to life, based on a total offense level of 40 and a criminal history category of VI. (D.E. No. 447 ("Sentencing Tr.") at 6:5–7:7). Pursuant to a plea agreement entered into between Defendant and the Government, the parties agreed that an appropriate sentence would be between 25 to 30 years (or 300 to 360 months) of imprisonment. (*Id.* at 8:2–11). The Court followed the parties' plea agreement and considered a variance under the circumstances below the 360-month range. (*Id.* at 8:12–15).

Ultimately, in determining the appropriate sentence for Defendant, the Court considered, *inter alia*, the seriousness of the offense, the need to promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes. Additionally,

6

the Court considered Defendant's history and characteristics. Specifically, in discussing the seriousness of the crime, the Court considered the fact that Defendant was involved in taking someone's life: although he himself did not pull the trigger, he was "just as responsible." (*Id.* at 115:8–116:15). The Court remarked that "there is no more serious offense" than the one Defendant had committed. (*Id.* at 115:8–10). In terms of promoting respect for the law and providing just punishment, the Court highlighted Defendant's extensive criminal history, which seemed to indicate a lack of respect for the criminal justice system. (*Id.* at 116:17–117:15). The Court also noted Defendant's "gross violations" of the laws, highlighting, again, his involvement in the taking of a man's life as well as his involvement in a needless carjacking. (*Id.* at 117:16–118:14). As for deterrence, the Court found that general deterrence was necessary, and specific deterrence was important based on Defendant's criminal history. (*Id.* at 118:15–119:19). The Court also considered 25 to 30 years of imprisonment adequate to protect the public from any future crimes of Defendant. (*Id.* at 119:20–24). Finally, the Court considered Defendant's history and characteristics, including his troubled childhood (which included abuse, loss of loved ones, and other hardships) and his efforts at rehabilitation leading up to his sentencing, including his involvement in a "scared straight" program. (*See e.g.*, *id.* at 122:12–128:13). Defendant's history and characteristics were mitigating factors contributing to the Court's conclusion that a 30-year sentence was not appropriate. (*Id.* at 128:12–13). Nevertheless, for all of the other reasons discussed, the Court arrived at a sentence of 315 months of imprisonment.

      To reduce Defendant's sentence now would undermine the important factors that the Court considered at sentencing and that still hold true today—namely, the seriousness of the offenses, the need to promote respect for the law and protect the public, and the necessity for specific and

general deterrence.[3] Assuming good time credit, Defendant is not scheduled to be released until October 18, 2033 (Opp. Br. at 3), meaning that he still has approximately 149 months or 47% of his custodial sentence remaining. Granting Defendant's request for compassionate release would significantly reduce his sentence, and the Court finds that doing so would undermine the considerations embodied in section 3553(a), as discussed by the Court at sentencing (and *supra*). *See Pawlowski*, 967 F.3d at 331 (holding that the time remaining on a defendant's sentence may inform whether immediate release would be consistent with the 3553(a) factors).

### D. Dangerousness

Finally, although the Court need not reach the issue of dangerousness, the Court notes that an analysis of the considerations in 18 U.S.C. § 3142(g) is not favorable to Defendant. In connection with pretrial detention, the dangerousness inquiry involves (i) the nature and circumstances of the offense; (ii) the weight of the evidence against the person; (iii) the history and characteristics of the person; and (iv) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Defendant's conviction moots factor (ii), and factors (i) and (iii) are largely the same as the section 3553(a) considerations discussed above. Factor (iv), the nature of the danger, is not favorable to Defendant. The nature and circumstances of the offenses committed, and Defendant's criminal history, suggest that he might still be a danger to the community. *See United States v. Pass*, No. 10-0739, 2020 WL 2332001, at *3 (E.D. Pa. May 11, 2020).

---

[3] Defendant describes some of his rehabilitation efforts while incarcerated, including his efforts to educate himself, maintain employment while incarcerated, and to assist others. (Mot. at 7–10). Although Defendant's efforts are commendable, they do not outweigh the Court's concerns with respect to the balance of the section 3553(a) factors.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED. An appropriate Order accompanies this Opinion.

Dated: May 7, 2021

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**